IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94 CR 12-2

UNITED STATES OF AMERICA

v.

RANDELL BRICE HARRIS,

    Defendant.

**ORDER**

**THIS MATTER IS** before the Court upon Defendant Randell Brice Harris' ("Defendant") Motion for Temporary Restraining Order Injunction and Show Cause Order, (file doc. 161), filed February 16, 2005. The Government has not responded to this motion and the time for doing so has expired. Thus, the motion is ripe for disposition.

On June 2, 1994, Defendant was found guilty by a jury on several counts, including conspiracy to possess with intent to distribute, and distribute, a quantity of cocaine, cocaine base, and marijuana; conspiracy to commit murder in aid of racketeering and aiding and abetting in the same; murder in aid of racketeering and aid and abet in the same; possess with intent to distribute a quantity of marijuana and aid and abet same; use, carry firearm during and in relation to a drug trafficking crime and aid and abet same; use, carry firearm during and in relation to a crime of violence and aid and abet in the same; assault with a dangerous weapon in aid of racketeering and aid and abet same; and possession by a convicted felon of a firearm which had been shipped in interstate commerce. On August 29, 1994, a criminal judgment was entered against Defendant, providing for Life plus fifty (50) years imprisonment, with the requirement that he pay $7985.04 in restitution, plus a $500.00 special assessment. The Court ordered that the restitution be paid in installments according to the schedule of payments as prepared by the

Probation Office, and that the special assessment be due immediately.

Defendant now seeks to have his Judgment declared invalid and for this Court to order the Bureau of Prisons ("BOP") to cease withholding any of his earnings as payment toward his restitution. In support of this request, Defendant refers to the portion of his Judgment in which the District Court delegated the authority to determine the schedule of payments to the Probation Office. Defendant relies on *United States v. Johnson*, 48 F.3d 806, 809 (4th Cir. 1995), and *United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir. 1996), for the proposition that the District Court may not delegate to the Bureau of Prisons ("BOP") or a probation officer the responsibility to devise a restitution payment schedule.

At the time of sentencing, the Court did not direct Defendant as to the specific requirements of his restitution payment schedule. It did provide that his restitution would be paid in installments according to a schedule of payments to be prepared by the probation office. That pertained only to the period of supervised release to occur after Defendant's release from the BOP. However, as Defendant is serving a life sentence, it is unlikely the probation office would become involved in the payment schedule. Nevertheless, in light of Fourth Circuit precedent, the Court will amend Defendant's Judgment and Commitment Order to reflect the Court's continuing supervisory role over the Probation Office for any post-release restitution payment schedule.

However, the Court did not delegate any authority to the BOP regarding the restitution payments. And, "[n]othing bar[s] the BOP from ensuring pursuant to the [Inmate Financial Responsibility Program] that [a defendant] make good-faith progress toward satisfying his court-ordered obligations." *McGhee v. Clark*, 166 F. 3d 884, 886 (7th Cir. 1999). Contrary to

Defendant's assertions, the BOP is exercising its legal authority to ensure that Defendant satisfies his court-ordered obligations. Thus, it appears to this Court that if Defendant is unhappy with the BOP's handling of this issue, he must first exhaust all administrative remedies with the BOP to challenge the withholding of his earnings. After exhausting all administrative remedies, then Defendant may bring the issue before this Court. For the above-stated reasons, the Court finds that it is entirely proper for the BOP to ensure that Defendant is complying with his restitution obligation.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Temporary Restraining Order Injunction and Show Cause Order is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **AMEND** Defendant's Judgment as directed. On page three of the above-captioned Defendant's "Judgment and Commitment Order," under the heading of "RESTITUTION," under the section declaring how restitution shall be paid, the Clerk shall **add** the following: "Any directive by the Probation Office concerning the scheduling of restitution payments during supervised release is subject to supervision by the Court."

Signed: January 31, 2006

Richard L. Voorhees
Chief United States District Judge