UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00304-MOC

| | | |
|---|---|---|
| **RANDELL BRICE HARRIS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) and the government's Response (#3), in which the government seeks dismissal of the motion as time barred. Review of the petition reveals that the petition is time barred by nearly two decades and that petitioner does not have an arguable claim of actual innocence and that further briefing would not assist the decision making process. For the reasons that follow, petitioner's Section 2255 motion will be dismissed as time barred.

### FINDINGS AND CONCLUSIONS

**I.     Proceedings in the Criminal Action**

Petitioner was convicted in 1994 for conduct occurring between 1990 and 1993 in furtherance of a drug conspiracy, which operated in the Charlotte, North Carolina, area. United States v. Harris, 3:94cr12 (W.D.N.C. 1994) (hereinafter "Harris"). On June 2, 1994, Defendant was found guilty by a jury on several counts, including conspiracy to possess with intent to distribute, and distribute, a quantity of cocaine, cocaine base, and marijuana; conspiracy to commit murder in aid of racketeering and aiding and abetting in the same; murder in aid of racketeering

and aid and abet in the same; possess with intent to distribute a quantity of marijuana and aid and abet same; use, carry firearm during and in relation to a drug trafficking crime and aid and abet same; use, carry firearm during and in relation to a crime of violence and aid and abet in the same; assault with a dangerous weapon in aid of racketeering and aid and abet same; and possession by a convicted felon of a firearm which had been shipped in interstate commerce. Harris, Verdict (#82).

In particular, the jury determined that petitioner murdered William Gardner, a drug supplier. Id. Testimony presented at trial included that of Willie James Brown, Jr., the leader of the drug ring and that of petitioner's own cellmate that petitioner admitted to them that he had shot and killed Gardner. Petitioner was sentenced to three terms of life imprisonment plus fifty years. Harris, Judgment (#87).

Petitioner directly appealed his conviction, arguing that there was insufficient evidence to support his conviction for conspiracy, that the district court erred in determining the amount of drugs attributable to him as a result of the conspiracy, and the district court erred in sentencing him on multiple counts of possession of a firearm, rather than merging the offenses. United States v. Harris, 64 F.3d 660, *1 (4th Cir. 1995) (unpublished) (hereinafter "Harris I"). Finding no merit to those claims, the Fourth Circuit affirmed the Judgment. Id. at *4.

In 1996, petitioner filed a Motion for New Trial. Harris Motion (#125). In support of that motion, petitioner filed an affidavit from Danny Lamar Hager, who averred that he believed that it was Brown who had killed Gardner. Id. Memorandum (#145). The Motion for New Trial was denied based on the court's determination that such averment constituted only impeachment evidence and would not probably result in an acquittal at a new trial, that Hager had "severe

credibility problems," and that petitioner had not shown due diligence in obtaining the information. Id. Order (#151). Petitioner appealed the Order denying the Motion for New Trial. The Fourth Circuit affirmed that decision for the reasons stated by this court in its Order. United States v. Harris, 155 F.3d 562 (4th Cir. 1998) (unpublished) (hereinafter "Harris II").

## II. Petitioner's Motion to Vacate

Petitioner filed the present motion to vacate on July 9, 2015 (the date his motion was placed in the prison mail), which is nearly 20 years after his Judgment became final on November 14, 1995, the date on which the time expired to seek *certiorari* from the Supreme Court on the appellate court's denial of his direct appeal in Harris I. Because his Judgment became final prior to effective date of the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"), petitioner had until April 24, 1997, to file a Section 2255 motion, making the instant motion more than 18 years late on its face.

The court docketed the petitioner's motion on July 14, 2015, and conducted an initial review on July 20, 2015. After determining that the motion had been signed under penalty of perjury and that a colorable claim of ineffective assistance of counsel had been asserted, the court determined that it was a late petition, but that petitioner had asserted that he was actually innocent. Based on such assertion, the court allowed the petition to move forward and directed that the government file a Response within 60 days. The government timely filed its Response (#3).

Upon receipt of the Response, the court screened such pleading to determine whether a Reply was needed from petitioner. A reply is not required in a § 2255 proceeding; however, the Rules Governing Section 2255 Proceedings provide that the moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge. 28 U.S.C. § 2255, Rule

5(d) & Advisory Committee Notes ("As under Rule 5 of the § 2254 rules, there is no intention here that such a traverse be required, except under special circumstances."). Whether to allow the petitioner to file a Reply is within the Court's discretion. Sifford v. United States, 2014 WL 114671, n. 1 (W.D.N.C. Jan. 10, 2014). The court does not find that any special circumstance exists in this case inasmuch as petitioner has completely explained his thesis of actual innocence in the 57 pages he submitted in support of his petition. See Motion (#1).[1] Thus, a Reply would not aid the decision-making process.

**III.    Discussion**

The court has considered whether this petition was timely filed under § 2255(f)(1), which provides"[a] 1-year period of limitation [shall run from] . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Inasmuch as petitioner's Judgment became final before the effective date of the AEDPA, petitioner had until April 24, 1997, to file a Section 2255 motion with this court. Petitioner's July 9, 2015, filing is clearly untimely.

Recognizing as much when he filed the motion, petitioner has argued that his motion is timely and that he should be granted relief because he is actually innocent of the murder of Gardner, the offense conduct underlying a number of his counts of conviction and the sentence he received. The term "actual innocence" is not as broad as petitioner suggests in his pleading and is not satisfied by arguments that rely on the sufficiency of the evidence. Instead, to overcome the procedural bar imposed by § 2255(f), petitioner must come forward with evidence of "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). To

---

1    Petitioner has also argued that his motion is not time barred because he was convicted prior to the effective date of the AEDPA and because he is raising constitutional claims, neither of which has any merit. See *Brown v. Angelone*, 150 F.3d 370, 372 (4th Cir. 1998); 28 U.S.C. § 2255(f).

show factual innocence, petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995); see also McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (extending the actual innocence exception to non-death penalty cases).

Here, petitioner contends that the evidence presented at trial pointed to the ringleader Brown as the murderer of Gardner. Petitioner argues that there was no evidence presented that implicated him in the murder of Gardner, that the timeline of events points to Brown as the perpetrator, and that Hager would testify in his defense. Motion (#1) at 5 & 23-27. Assuming that Hager would testify in a manner consistent with his affidavit, this court has already determined that such averment constituted only impeachment evidence and would not probably result in an acquittal at a new trial, that Hager had "severe credibility problems," and that petitioner had not shown due diligence in obtaining the information. Harris Order (#151).

At best, petitioner's attempted showing of actual innocence is mere a conclusory allegation that the evidence which supported his conviction was insufficient accompanied by a redux of his 1996 Motion for New Trial. Indeed, nowhere in the motion has petitioner pointed to the discovery of any new evidence which this court and the appellate court have not already considered. Thus, petitioner has not made a sufficient showing of factual innocence, but has relied exclusively on a theory legal insufficiency, which is not allowed under Bousley, supra. The court concludes that the petition is an untimely challenge to the sufficiency of the evidence and is insufficient to show that he is factually innocent of the crime of conviction.[2]

---

2  In addition to challenging the sufficiency of the evidence concerning murder, petitioner also asserts that there was insufficient evidence to support his conviction for possessing a firearm in violation of 18 U.S.C. § 924(c). Motion to Vacate 6, 8, 28-33. Petitioner has presented no evidence of actual innocence of any offense for which he was convicted. Motion to Vacate 6, 8, 28-33.

Finally, the court has considered whether any claim of ineffective assistance of counsel lends any support to petitioner's contention of actual innocence. Specially, plaintiff contends that his counsel provided ineffective assistance: by failing to request Gardner's phone records to determine the time of the last call to him; by not moving for a judgment of acquittal on the firearm counts; by not challenging the admission of co-conspirators' statements under Federal Rule of Evidence 801; by failing to challenge his life sentence because it was based on drug amounts not found by the jury, it was disproportionately long under the Eighth Amendment, and the jury never found that he murdered Gardner; by not addressing his criminal history and the recidivism risk to argue against a life sentence under the Armed Career Criminal Act (ACCA; by not challenging the prior convictions used to support the ACCA enhancement as being part of the same crime spree; and by not advising him of the consequences of this enhancement. None of these allegations support a showing of actual innocence of the offense of conviction. See Bousley, 523 U.S. at 623.

## IV.     Conclusion

In dismissing the petition, this court is ever mindful of the Supreme Court's admonition in McQuiggin, supra, that "[s]ensitivity to the injustice of incarcerating an innocent individual should not abate when the impediment is AEDPA's statute of limitations." Id. at 1932. This court is, however, thoroughly convinced after close review of petitioner's pleading that he has not presented evidence, much less new evidence, showing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 1935 (internal quotation and citation omitted). Thus, it is appropriate to apply the AEDPA's statute of limitations and close this petition.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is **DISMISSED** as untimely.

**DENIAL OF CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 29, 2015

Max O. Cogburn Jr.
United States District Judge