# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:94-cr-12-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RANDELL BRICE HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Renewed Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 183).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust his administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.[1]

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 183), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his administrative remedies with the BOP.

---

[1] As the Government notes, this is Defendant's third motion for compassionate release. Successive compassionate release motions must independently satisfy the exhaustion requirement. United States v. Huit, 2021 WL2226486, at *2 (W.D.N.C. June 2, 2021). The Government asserts that, although Defendant argues that he exhausted his administrative remedies before filing the pending motion, BOP records show that he did not.

Signed: March 11, 2022

Max O. Cogburn Jr
United States District Judge