# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:94-cr-12-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )<br>) |
| vs. | )<br>) **ORDER** |
| **RANDELL BRICE HARRIS,** | )<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 189).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust his administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 189), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his administrative remedies with the BOP.

**The Court notes that Defendant continues to fail to exhaust his administrative remedies before filing his numerous motions for compassionate release, despite that the Court has dismissed several motions based on his failure to exhaust. Exhaustion is required.**

**The Court will not address the merits of his compassionate release motion until Defendant first complies with the exhaustion requirements.**

**Furthermore, Defendant is now placing undue burden on the Court and the Government by continuously filing these motions without first exhausting his administrative remedies, despite that he has been put on continuous notice that he must do so. The Court's patience is wearing thin. The Court warns Defendant that if he continues to file motions for compassionate release without first exhausting his administrative remedies, the Court may deem him a vexatious litigant and impose sanctions on him, including a pre-filing injunction.**

Signed: May 6, 2022

Max O. Cogburn Jr
United States District Judge