UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94-cr-12-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **RANDELL BRICE HARRIS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Reconsideration of the Court's prior Order (Doc. No. 197) denying his Motion Compassionate Release/Reduction of Sentence. (Doc. No. 198). The Government has responded in opposition to the motion. (Doc. No. 202).

The Court will deny the motion, as Harris still has not identified any extraordinary and compelling reasons warranting his compassionate release, and the sentencing considerations described in 18 U.S.C. § 3553(a) do not weigh in favor of his release or a reduction in his sentence. Specifically, Harris's efforts at rehabilitation and the family and community support he enjoys are not so extraordinary and compelling that they warrant compassionate release. Harris has completed nearly 50 educational courses and work assignments, but he has also been in prison for more than 25 years. Harris has performed especially well since 2012, avoiding disciplinary infractions during that time. However, Harris was in his late 30s when he committed his conspiracy offense and when he killed William Gardner during an attempt to collect a drug debt from Gardner, and both the extent and consistency of Harris's criminal history is extraordinary. While Harris's family continues to support him and offers to house and support him if he is released from prison, that support also does not justify his early release in the

-1-

absence of more extraordinary and compelling factors.

As to Harris's statements regarding the threat to his safety from COVID-19, the Government has noted in its response that the Bureau of Prisons continues to provide COVID-19 vaccination and booster shots to its inmates and staff, in accordance with CDC guidelines. See https://www.bop.gov/coronavirus/covid19_statistics.html. At present, none of the Bureau of Prisons facilities are on intense modifications because of the virus, two of its facilities are experiencing moderate modifications, and 95 of its facilities are under a minimal-modification protocol, including Lompoc FCC where Harris is housed. See https://www.bop.gov/coronavirus/#:~:text=About%20the%20Data,-BOP%20remains%20committed&text=Vaccine%20doses%20are%20available%20at,in%20accordance%20with%20CDC%20guidance.

Finally, Harris asserts that, if sentenced today, he would not be subject to a mandatory sentence of life in prison and that the Sentencing Guidelines would instead advise a sentence of between 235 and 268 months in prison. But as the Government notes in its response, although Harris would not be subject to a mandatory sentence of life in prison for his drug-trafficking and murder-in-aid-of-racketeering offenses, the Sentencing Guidelines would still advise a sentence of life in prison based on the offense level resulting from his murder-in-aid-of-racketeering offense.

For these reasons, and for the reasons stated in the Court's prior Order denying Harris's motion for compassionate release, the motion for reconsideration is **DENIED**.

**ORDER**

-2-

Case 3:94-cr-00012-MOC   Document 203   Filed 04/26/23   Page 2 of 3

**IT IS, THEREFORE, ORDERED** that Motion for Reconsideration of the Court's prior Order denying his Motion Compassionate Release/Reduction of Sentence, (Doc. No. 198), is **DENIED**.

Signed: April 26, 2023

Max O. Cogburn Jr
United States District Judge